# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### JACKSONVILLE DIVISION

RODERICK R. LESTER,

        Petitioner,

vs.                                              Case No.:   3:18-cv-1076-J-32JBT
                                                                   3:17-cr-76-J-32JBT

UNITED STATES OF AMERICA,

        Respondent.

_____

## **ORDER**

This case is before the Court on Petitioner Roderick Lester's Second Amended Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence. (Civ. Doc. 13).[1] Petitioner was convicted of one count of Hobbs Act robbery and one count of possession of a firearm by a convicted felon. He raises six grounds for collateral relief, but the gravamen of each is generally the same: that there was insufficient evidence of a connection with interstate commerce to support his convictions. The United States filed a response in opposition. (Civ. Doc. 14). Petitioner filed a reply. (Civ. Doc. 17). Thus, the matter is ripe for a decision.

---

[1]      Citations to the record in the criminal case, <u>United States vs. Roderick R. Lester</u>, No. 3:17-cr-76-J-32JBT, will be denoted "Crim. Doc. __." Citations to the record in the civil § 2255 case, No. 3:18-cv-1076-J-32JBT, will be denoted "Civ. Doc. __." The Court will cite the page number designated by CM/ECF.

Under Rule 8(a) of the Rules Governing Section 2255 Proceedings, the Court has determined that an evidentiary hearing is not necessary to decide the motion. See Rosin v. United States, 786 F.3d 873, 877 (11th Cir. 2015) (an evidentiary hearing on a § 2255 motion is not required when the petitioner asserts allegations that are affirmatively contradicted by the record or patently frivolous, or if in assuming that the facts he alleges are true, he still would not be entitled to any relief). For the reasons set forth below, Petitioner's Second Amended § 2255 Motion is due to be denied.

## I.     Background

On August 9, 2017, a federal grand jury returned a three-count superseding indictment against Petitioner. (Crim. Doc. 7, Superseding Indictment). Count One charged Petitioner with Hobbs Act robbery, in violation of 18 U.S.C. §§ 1951(a) and (b). Count Two charged him with brandishing a firearm in relation to a crime of violence, in violation of § 924(c). Count Three charged him with possession of a firearm by a convicted felon, in violation of §§ 922(g)(1) and 924(a).

On February 8, 2018, Petitioner pleaded guilty to Counts One and Three under a written plea agreement. (Crim. Doc. 33, Plea Agreement; Crim. Doc. 59, Plea Transcript). Petitioner admitted that, while taking a Michelin tire from Glover's New and Used Tire Store without paying for it, he pointed a Taurus pistol at a store employee when the employee tried to stop him. (Crim. Doc. 33

at 20-21; Crim. Doc. 59 at 21-22). Petitioner admitted that Glover's was a business engaged in interstate commerce, and that his actions delayed, interrupted, or affected interstate commerce. (Crim. Doc. 33 at 18, 22; Crim. Doc. 59 at 23, 25). The Magistrate Judge who presided over the change-of-plea colloquy recommended that

> [a]fter cautioning and examining Defendant under oath concerning each of the subjects mentioned in Rule 11, I determined that the guilty plea was knowledgeable and voluntary, and that the offense charged is supported by an independent basis in fact containing each of the essential elements of such offense.

(Crim. Doc. 34, Report and Recommendation Concerning Plea of Guilty). Without objection, the Court accepted Petitioner's guilty plea and adjudicated him accordingly. (Crim. Doc. 36, Acceptance of Guilty Plea).

A few months later, the Court held a combined sentencing and revocation-of-supervised-release hearing. (Crim. Doc. 60, Sentencing and Revocation Transcript). The Court sentenced Petitioner to concurrent terms of 84 months in prison as to Counts One and Three of the Superseding Indictment. (Id. at 44). Petitioner also admitted to violating the conditions of supervised release in another case, No. 3:10-cr-296-J-32JBT. (Id. at 2-7). The Court imposed a consecutive term of 16 months in prison for the violation, resulting in a total sentence of 100 months' imprisonment. (Id. at 45).

The Court entered judgment on July 2, 2018. (Crim. Doc. 48, Judgment). Petitioner did not file a notice of appeal. Less than one year later, Petitioner

timely initiated the § 2255 proceedings.

## II.    Law

Under Title 28, United States Code, Section 2255, a person in federal custody may move to vacate, set aside, or correct his sentence. Section 2255 permits such collateral challenges on four grounds: (1) the imposed sentence was in violation of the Constitution or laws of the United States; (2) the court did not have jurisdiction to impose the sentence; (3) the sentence exceeded the maximum authorized by law; or (4) the imposed sentence is otherwise subject to collateral attack. 28 U.S.C §2255(a) (2008). Only jurisdictional claims, constitutional claims, and claims of error that are so fundamental as to cause a complete miscarriage of justice will warrant relief through collateral attack. United States v. Addonizio, 442 U.S. 178, 184-86 (1979).

"Courts have long and consistently affirmed that a collateral challenge, such as a § 2255 motion, may not be a surrogate for a direct appeal." Lynn v. United States, 365 F.3d 1225, 1232 (11th Cir. 2004) (citing United States v. Frady, 456 U.S. 152, 165 (1982)). "Under the procedural default rule, 'a defendant generally must advance an available challenge to a criminal conviction or sentence on direct appeal or else the defendant is barred from presenting that claim in a § 2255 proceeding.'" McKay v. United States, 657 F.3d 1190, 1196 (11th Cir. 2011) (quoting Lynn, 365 F.3d at 1234). "This rule generally applies to all claims, including constitutional claims." Lynn, 365 F.3d

4

at 1234 (citing <u>Reed v. Farley</u>, 512 U.S. 339, 354 (1994)).

A petitioner can avoid a procedural default by showing either (1) cause for and actual prejudice from the default, or (2) that "a constitutional violation has probably resulted in the conviction of one who is actually innocent." <u>Id.</u> (quoting <u>Murray v. Carrier</u>, 477 U.S. 478, 496 (1986)). With respect to "cause and prejudice," "to show cause for procedural default, [a petitioner] must show that some objective factor external to the defense prevented [him] or his counsel from raising his claims on direct appeal and that this factor cannot be fairly attributable to [the petitioner's] own conduct." <u>Id.</u> at 1235 (citing <u>Smith v. Jones</u>, 256 F.3d 1135, 1145 (11th Cir. 2001)). Petitioner must also show that "actual prejudice" resulted from the claim not being raised on direct appeal. <u>Id.</u> at 1234 (citing <u>Bousley v. United States</u>, 523 U.S. 614, 622 (1998)). The second exception, actual innocence, "is exceedingly narrow in scope as it concerns a petitioner's 'actual' innocence rather than his 'legal' innocence." <u>Johnson v. Alabama</u>, 256 F.3d 1156, 1171 (11th Cir. 2001) (citations omitted). "To show actual innocence of the crime of conviction, a movant 'must show that it is more likely than not that no reasonable juror would have found [him] guilty beyond a reasonable doubt' in light of the new evidence of innocence." <u>McKay</u>, 657 F.3d at 1196 (quoting <u>Schlup v. Delo</u>, 513 U.S. 298, 327, 115 S. Ct. 851, 130 L. Ed. 2d 808 (1995)). The actual innocence exception is supposed to "remain 'rare' and … only be applied in the 'extraordinary case.'" <u>Schlup</u>, 513 U.S. at 321.

### III.   Discussion

#### A. Grounds One through Five

In Grounds One through Five, Petitioner challenges his conviction for Hobbs Act robbery. All five grounds generally revolve around the same theory: that there was insufficient evidence of a connection with interstate commerce. In Ground One, Petitioner claims that "[t]he Government failed to establish[ ] the foundation of [a] jurisdictional nexus of interstate commerce" because it "introduced insufficient evidence to establish the jurisdictional nexus for Hobbs Act robbery." (Civ. Doc. 13 at 4). Petitioner also suggests that he did not know that his conduct affected interstate commerce and that the allegations in the Superseding Indictment were false. (Id. at 14). Petitioner claims that the owner of the tire store gave him permission to take the tire (id. at 15), and in support, he attaches a short statement from the owner that purportedly supports the allegation (Civ. Doc. 13-2; Civ. Doc. 13-3).

In Ground Two, Petitioner "argues there was no evidence by the Government that could have establish[ed] proof that Petitioner violate[d] commerce." (Id. at 5). In Ground Three, Petitioner claims that the "Government did not present the appropriate [elements] for a violation of interstate commerce" because it introduced no evidence "verifying that [Glover's New and Used Tire Store] was actively, consistently involved or engaged in … interstate commerce." (Id. at 7). In Ground Four, Petitioner claims that his conduct did

not interfere with interstate commerce because the tires from the store were "used products" and "secondhand goods" that did not pass through interstate commerce. (Id. at 8). In Ground Five, Petitioner argues he did not commit Hobbs Act robbery because the government failed to establish that Glover's New and Used Tire Store was licensed to do business in the State of Florida. (Id. at 21).

Petitioner's claims are directly contradicted by his sworn statements during the plea colloquy. Petitioner admitted to taking a tire at gunpoint from Glover's New and Used Tire Store, and admitted that he satisfied each element of Hobbs Act robbery, including the interstate commerce element. (Crim. Doc. 59 at 21-25). Specifically, Petitioner admitted that as a result of the robbery, two tire store employees (V.R. and Y.C.) were transported for interviews and that "their absence from the business interrupted the engagement of Glover's in interstate commerce while the investigation was proceeding that evening." (Crim. Doc. 33 at 21-22; Crim. Doc. 59 at 23). Petitioner further admitted that before the robbery, "Glover's had obtained inventory from outside the state of Florida and dealt in automotive parts manufactured outside the state of Florida." (Crim. Doc. 33 at 22; Crim. Doc. 59 at 23). These facts were sufficient to establish that Petitioner's conduct interfered with interstate commerce. United States v. Woodruff, 296 F.3d 1041, 1049 (11th Cir. 2002) (the interstate commerce element of Hobbs Act robbery was satisfied where the evidence "established that Discount Auto Parts engaged in interstate commerce by

purchasing various products and parts from outside the state of Georgia" and "that the robbery resulted in a depletion of the business's assets.").

In addition, Petitioner waived the claims in Grounds One through Five when he knowingly and voluntarily pleaded guilty. "A defendant who enters a plea of guilty waives all nonjurisdictional challenges to the constitutionality of the conviction, and only an attack on the voluntary and knowing nature of the plea can be sustained." <u>Wilson v. United States</u>, 962 F.2d 996, 997 (11th Cir. 1992) (citation omitted). Petitioner's allegations do not call into question the knowing and voluntary nature of his guilty plea.[2] It is true that a party cannot waive or forfeit the issue of subject matter jurisdiction, as Petitioner argues in the Reply brief. (Civ. Doc. 17 at 2-3); <u>see also</u> <u>United States v. Cotton</u>, 535 U.S. 625, 630 (2002). However, the Eleventh Circuit has rejected the theory "that a failure of allegation or proof on an interstate-commerce element deprives the district court of jurisdiction." <u>Alikhani v. United States</u>, 200 F.3d 732, 735 (11th Cir. 2000). Indeed, in <u>United States v. Viscome</u>, the Eleventh Circuit held that a defendant's attack on the sufficiency of the evidence concerning the interstate

---

[2]     In his Reply brief, Petitioner suggests for the first time that defense counsel "materially misrepresented the consequences of a plea agreement – including jurisdiction." (Civ. Doc. 17 at 9). Petitioner waived this claim because he did not raise such a theory in the Second Amended § 2255 Motion, and a party may not raise new claims in a reply brief. <u>Oliveiri v. United States</u>, 717 F. App'x 966, 967 (11th Cir. 2018); <u>Snyder v. United States</u>, 263 F. App'x 778, 779-80 (11th Cir. 2008). In any event, the change-of-plea colloquy reflects that Petitioner's decision to plead guilty was informed and voluntary.

nexus element was a non-jurisdictional defect that he waived by pleading guilty. 144 F.3d 1365, 1370 (11th Cir. 1998). Likewise, by pleading guilty, Petitioner waived any argument that the evidence was insufficient to establish the interstate commerce element of Hobbs Act robbery.

Moreover, Petitioner procedurally defaulted the claims in Grounds One through Five. The interstate commerce issue must be raised on direct appeal. While Petitioner waived the right to directly appeal his sentence (Crim. Doc. 33 at 13-14), a voluntary appeal-waiver is not cause to excuse a procedural default. Garcia-Santos v. United States, 273 F.3d 506, 508 (2d Cir. 2001) ("a waiver of appeal provision in a plea agreement d[oes] not constitute 'cause' for failing to take a direct appeal."); Giddens v. United States, No. 7:12-CV-90125, 2012 WL 6628411, at *2 (M.D. Ga. Nov. 28, 2012) (collecting cases). Petitioner has failed to establish cause for or prejudice from the default. As a result, he may not seek relief on these grounds in a § 2255 motion. McKay, 657 F.3d at 1196; Lynn, 365 F.3d at 1234.

Nor can Petitioner get around the default under the actual innocence exception. Petitioner submits (for the second time) a short statement from Lisa Glover (a.k.a. Lisa Walker), the owner of Glover's New and Used Tire Store, in which she states that Petitioner had permission to take the Michelin tire. (Civ. Doc. 13-2; see also Civ. Doc. 13-3). However, Ms. Glover's statement is not "new evidence of innocence." McKay, 657 F.3d at 1196 (quoting Schlup, 513 U.S. at

327). Petitioner has been in possession of the same statement since before his sentencing hearing, when he attached the statement to his sentencing memorandum. (Crim. Doc. 46-3). Nevertheless, Petitioner did not seek to withdraw his guilty plea. Indeed, defense counsel acknowledged at sentencing that "the acts that [Petitioner] committed constitute the crime to which he's pled." (Crim. Doc. 60 at 25).

In any event, Ms. Glover's statement does not establish that Petitioner is innocent of Hobbs Act robbery. As the United States rightly argues, Ms. Glover's statement "is irrelevant." (Civ. Doc. 14 at 13). When Petitioner pleaded guilty, he admitted that he entered the tire store on September 26, 2016, and told an employee, V.R., that he had come in for a Michelin brand tire because the business owed him money. (Crim. Doc. 59 at 21).

> When V.R. quoted him a price, Lester stated that he did not have to pay for it because of his business relationship with the owner.
>
> …. V.R. informed Lester that Lester would need to contact the owner of Glover's so that V.R. could verify that Lester was permitted to take the tire. Lester responded "[expletive] that. I'm taking the tire."
>
> Lester proceeded to load the Michelin brand tire into the bed of his pickup truck. V.R. attempted to take the tire back from Lester and Lester pulled a Taurus pistol from a holster on his waist, pointed it at V.R., and stated, "I'm taking the tire."
>
> V.R., fearing that Lester would shoot him, backed away and did not stop Lester from taking the tire. Lester then left Glover's.

(Id. at 21-22).

As the United States points out, "Lester's interaction was with V.R., an employee of Glover's, not with the owner, Lisa Walker," and when V.R. "informed Lester that he would need to verify that [Petitioner could take the tire], … Lester did not allow the employee to do so." (Civ. Doc. 14 at 13) (citing PSR at ¶ 13). Instead,

> Lester forcefully took the tire from V.R., without verification of whether or not Lester could have the tire and then threatened force or violence on V.R. by pulling a loaded gun and pointing it at V.R., making V.R. fear harm. [PSR at ¶ 13]. Lester left the business without paying for the tire before the information was verified and after pointing a loaded gun at an employee of Glover's New and Used Tires. Id.

(Civ. Doc. 14 at 13). Petitioner admitted that these facts were true at his change-of-plea hearing. (Crim. Doc. 59 at 24-25). He further stated that he freely waived the right to trial or to challenge the government's evidence, acknowledged that he fully understood the Superseding Indictment, and admitted to the elements of Hobbs Act robbery. (Id. at 9-10, 24-25). Thus, Ms. Glover's statement does not establish that Petitioner is innocent of Hobbs Act robbery.[3]

Accordingly, Petitioner's claims for relief in Grounds One through Five are waived, procedurally defaulted, and meritless. Therefore, relief on these grounds is due to be denied.

---

[3]    In light of the Court's disposition, the Court need not address Petitioner's remaining challenges to the Hobbs Act robbery conviction.

**B. Ground Six**

Finally, Petitioner claims in Ground Six that there is no evidence that the firearm he was convicted of possessing was connected to interstate commerce. (Civ. Doc. 13 at 22). Petitioner further claims that the gun did not belong to him, but that police merely found it in a parking lot in a high crime area without proving the gun was his. (Id. at 22-23).

Petitioner's sworn statements during the change-of-plea colloquy directly refute these allegations. First, Petitioner admitted that the firearm he was convicted of possessing, a Taurus pistol, was manufactured in Brazil. (Crim. Doc. 33 at 18, 22; Crim. Doc. 59 at 24, 25). "The interstate nexus element of 18 U.S.C. § 922(g) can be established by showing that the firearm was manufactured [outside of the state] in which it was ultimately possessed by the defendant." United States v. Folk, 754 F.3d 905, 917 (11th Cir. 2014) (citing United States v. Clay, 355 F.3d 1281, 1287 (11th Cir. 2004)). Second, Petitioner admitted under oath that he possessed the Taurus pistol and used it to rob the tire store. (Crim. Doc. 33 at 18-19, 20-23; Crim. Doc. 59 at 21-26).

"[T]he representations of the defendant, his lawyer, and the prosecutor at [a plea] hearing, as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings." Blackledge v. Allison, 431 U.S. 63, 73-74 (1977). Given that Petitioner's admissions were made under oath, "he bears a heavy burden to show his

statements were false." <u>United States v. Rogers</u>, 848 F.2d 166, 168 (11th Cir. 1988) (per curiam). Petitioner's self-serving allegations to the contrary are inadequate to carry that heavy burden. Thus, Ground Six does not merit relief.

## IV.    Conclusion

The Court has considered each of Petitioner's claims, but finds that none warrants relief under 28 U.S.C. § 2255. Therefore, it is hereby **ORDERED:**

1. Petitioner Roderick R. Lester's Second Amended Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (Civ. Doc. 13) is **DENIED**.

2. The Clerk shall enter judgment in favor of the United States and against Petitioner, and close the file.

## CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL IN FORMA PAUPERIS DENIED

IT IS FURTHER ORDERED that Petitioner is not entitled to a certificate of appealability. A prisoner seeking a motion to vacate has no absolute entitlement to appeal a district court's denial of his motion. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability (COA). <u>Id.</u> "A [COA] may issue… only if the applicant has made a substantial showing of the denial of a constitutional right." <u>Id.</u> at § 2253(c)(2). To make such a showing, Petitioner "must demonstrate that reasonable jurists would find the

district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further.'" Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983)). Petitioner has not made the requisite showing in these circumstances. Because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal in forma pauperis.

**DONE AND ORDERED** at Jacksonville, Florida this 20th day of April, 2020.

TIMOTHY J. CORRIGAN
United States District Judge

lc 19

C:
Counsel of record
Pro se petitioner